UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-20140-BLOOM

UNITED STATES OF AMERICA,

v.

KIM ANTHONY BELL,

    Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** is before the Court upon Defendant Kim Anthony Bell's Motion for Compassionate Release or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. [64] ("Motion"). The Government filed a Response in Opposition, ECF No. [65], to which Defendant filed a Reply, ECF No. [71]. The Court has carefully considered the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.   BACKGROUND**

On June 4, 2014, Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 3); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4); and being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(2)(1) (Count 5). On October 8, 2014, Judge Cooke sentenced Defendant to 240 months in prison. Defendant's offense level was 34, with a criminal history category of VI. Defendant also received a career offender adjustment pursuant to U.S.S.G. § 4B1.1(b). *See* ECF No. [70-2] at 6-7.

Defendant's Motion seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and 18

U.S.C. § 3582(c)(1)(A). Defendant contends he is entitled to relief under § 3582(c)(2) pursuant to Amendment 821's "status points" provision. *See* U.S.S.G. § 4C1.1. Regarding § 3582(c)(1)(A), Defendant contends a reduced sentence is warranted because (1) his age, (2) medical circumstances, and (3) rehabilitation efforts constitute extraordinary and compelling reasons justifying this relief. The Government responds that Defendant's Motion must be denied because he is ineligible for a reduced sentence under Amendment 821 due to his status as a career offender. The Government also argues Defendant's Motion fails to provide an extraordinary or compelling reason justifying a reduced sentence, and neither the § 3553(a) factors nor the Sentencing Commission's applicable policy statement support the relief. Defendant's Reply emphasizes his medical circumstances as an extraordinary and compelling reason justifying a reduced sentence.

## II.   LEGAL STANDARD

### A. Reduced Sentence under 18 U.S.C. § 3582(c)(2) – Amendment 821

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v.*

*Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

18 U.S.C. § 3582(c)(2) permits the modification of a term of imprisonment under the following circumstances, among others:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id.* "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

### B. Reduced Sentence under 18 U.S.C. § 3582(c)(1)(A)

To grant a defendant's request for a reduced sentence under § 3582(c)(1)(A), the Court must: (1) find the defendant has exhausted his administrative remedies with the Bureau of Prisons

("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant 18 U.S.C. § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Moreover, the defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

### III.   DISCUSSION

Defendant's Motion specifically requests a reduced sentence pursuant to § 3582(c)(1)(A) and Amendment 821's "status points" provision. Accordingly, the Court liberally construes Defendant's Motion as seeking a reduced sentence because he is eligible for relief under Amendment 821, § 3582(c)(1)(A), or both. For the reasons set forth below, the Court concludes Defendant is not entitled to a reduced sentence on either basis.

4

**A. Reduced Sentence under 18 U.S.C. § 3582(c)(2) – Amendment 821**

As discussed, Defendant contends he is entitled to a reduced sentence under Amendment 821, the recently enacted amendment by the United States Sentencing Commission ("Sentencing Commission"). *See* U.S.S.G. § 4C1.1. However, as the Government correctly points out, Defendant is ineligible for a reduced sentence under Amendment 821. Defendant seeks a reduced sentence pursuant to Amendment 821's "status points" provision. Part A of Amendment 821 strikes the "status points" provision, U.S.S.G. § 4A1.1(d), which stated two criminal history points are to be added if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, [or] imprisonment ….". Amendment 821 also amends U.S.S.G. § 4A1.1(d) in the following two ways: (1) § 4A1.1(d) no longer applies to defendants who otherwise received six or fewer criminal history points, and (2) defendants who received seven or more criminal history points under § 4A1.1(d) will now be assessed one status point instead of two. *See generally* United States Sentencing Commission, Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. Here, Defendant did not receive *any* status points at sentencing and, as such, Amendment 821's "status points" provision does not apply to Defendant's sentence.

Defendant is also ineligible for a reduced sentence under Part B of Amendment 821. The applicable policy statement, Section 1B1.10(a)(1), provides "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable … has subsequently been lowered as a result of an amendment … the court may reduce the defendant's term of imprisonment[.]" Defendant was designated as a career offender under U.S.S.G. § 4B1.1(b). *See*

ECF No. [65-1] at 11. As the Government observes, a career offender's criminal history category is *always* VI under § 4B1.1(b). *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Because Defendant's criminal history category remains VI, his guideline range remains the same. Amendment 821 is thus inapplicable because Defendant's guideline range has not "been lowered as a result of an amendment[.]" U.S.S.G. § 1B1.10(a)(1).

Moreover, Amendment 821 requires a defendant to satisfy *all* listed criteria to be eligible for relief, including that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). Defendant is therefore also ineligible under Amendment 821 because he pled guilty to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4) and being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(2)(1) (Count 5). *See* ECF No. [70] at 1.

Defendant is accordingly ineligible for a reduced sentence under Amendment 821. The Court need not consider whether the § 3553(a) factors support this relief.

### B. Reduced Sentence under 18 U.S.C. § 3582(c)(1)(A)(i)

As noted, Defendant also seeks a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). Defendant contends this relief is warranted because (1) his medical circumstances, namely, his need for hip surgery; (2) his age (60 years old), and (3) his efforts to rehabilitate. The Government responds that a reduced sentence is unwarranted because Defendant fails to present an extraordinary or compelling reason justifying a reduced sentence, and because neither the Sentencing Commission's applicable policy statement nor the § 3553(a) factors support this relief.

6

As the Government concedes, Defendant has exhausted his administrative remedies. However, Defendant fails to articulate an extraordinary and compelling reason warranting a reduced sentence. First, neither Defendant's age nor his rehabilitation efforts can serve as extraordinary or compelling reasons justifying this relief. Defendant is 60 years old. Under U.S.S.G. § 1B1.13(b)(2), a defendant must be "at least 65 years old[ ]" to be eligible for compassionate release on account of their age. Defendant's age accordingly fails to provide a basis for a reduced sentence under U.S.S.G. § 1B1.13. Regarding Defendant's rehabilitation efforts, the Eleventh Circuit has squarely held "[a] defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement." *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (citations omitted); *see also* § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."). The Court is accordingly unpersuaded by Defendant's reliance on his age and rehabilitation efforts.

Second, while medical circumstances *may* provide a basis for a reduced sentence, Defendant's medical circumstances fail to show such relief is appropriate. As noted, Defendant's Motion explains he "is in need of surgery on both hips" and is in considerable pain. ECF No. [64] at 3. Defendant contends this medical circumstance justifies a reduced sentence so that he can receive adequate care. The Government acknowledges Defendant "suffers from osteoarthritis of the hip and knee" but explains Defendant "is currently being evaluated and treated for this ailment[.]" ECF No. [65] at 10. Defendant replies that "[t]here was never a question if the [m]edical issue was treatable[,]" and that the issue instead concerned "the recovery after the surgery." ECF No. [71] at 3.

The Court agrees with the Government that Defendant's medical circumstances do not present an extraordinary and compelling reason warranting compassionate relief. Defendant's

medical records reflect that his previous orthopedic surgeon did not recommend surgery due to Defendant's "living situation and lack of positive post-operative rehab." ECF No. [67-1] at 88. However, the Clinical Director at FCI Berlin—the facility where Defendant is now housed—requested a second opinion. Further, Defendant's condition is currently being treated with medication and use of assistive devices such as a crutch or cane. Defendant's Reply emphasizes the need for adequate medical care to promote his recovery after a potential surgery, but he does not dispute any of the Government's representations regarding the course of his care. Further, Defendant fails to provide any authority suggesting his medical circumstances present an extraordinary and compelling circumstance warranting a reduced sentence. This Court has previously found poor medical care does not present such a circumstance. *See United States v. Alvarez*, No. 14-CR-80110-BLOOM, 2022 WL 16856250, at *6 (S.D. Fla. Nov. 10, 2022) ("Indeed, Defendant essentially argues that poor medical care and unpleasant living conditions are extraordinary and compelling reasons warranting early release, but Defendant provides no authority, nor has the Court found any, to support relief on those grounds pursuant to § 3582."). The Court accordingly concludes that Defendant's current medical circumstances do not provide an extraordinary and compelling circumstance warranting a reduced sentence.

Defendant thus fails to meet the threshold requirements for entitlement to relief under § 3582(c)(1)(A). The Court therefore does not consider whether the § 3553(a) factors or whether the Sentencing Commission's applicable policy statement support a reduced sentence in light of its conclusion that Defendant failed to present an extraordinary or compelling reason warranting a reduced sentence.

Case No. 14-cr-20140-BLOOM

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. [64]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 16, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Kim A. Bell
02173-104
FCI Berlin
P.O. Box 9000
Berlin, New Hampshire 03510
PRO SE